Appeal. — Gillaspie obtained an original attachment against Thomas Green; Clark became security, and Green replevied the property. Green left the county; judgment was had against him; afi. fa. issued, upon which the sheriff returned nothing found.
A sci. fa. issued against the defendant, to which he pleaded that no ca. sa. had been issued against Green.
To this plea there was a demurrer, and joinder.
The question turned upon what species of security the legislature designed should be given upon replevying property attached. The plea was supported by reference to the following authorities: Cro. Eliz. 597, 733.
The Court determined that the security given must, in every point of view, be considered as special bail, and that a ca. sa. was necessary before the sci. fa. could issue.
 Judgment for Defendant.
ORIGINAL NOTE. — The bond required for the replevy of property attached by original attachment, under 1794, 1, 22, was always held to be in effect a bail bond, and the surety only responsible as special bail. This part of the Act of 1794 was repealed by 1843, 29, 2, 5. Boyd v. Buckingham, 10 H. 434. The provisions of this last act, touching the form of the bond and the mode of taking it, are carried into the Code in sections 3500, et seq.
By the Act of 1842, all laws authorizing the issuance of the writ ofcapias ad satisfaciendum (or ca. sa.) were repealed. And now, by section 18 of the Bill of Rights of the new Constitution of 1870, it is provided, that "the legislature shall pass no law authorizing imprisonment for debt in civil cases."